## BROWN et al. v. BRAUNSTEIN et al.

(Supreme Court, Special Term, Kings County. March 9, 1903.)

**1. TRADE-NAMES—UNLAWFUL COMPETITION—INJUNCTION.**

Where defendants, during their employment by plaintiffs, acquired information concerning their business which enabled them to engage in the same business, and within a month after the employment was terminated they opened a place of business on the same street, and within two blocks of plaintiffs' place of business, under a similar name, and used plaintiffs' distinctive numbers on certain manufactured glass samples, which were arbitrarily adopted and used by plaintiffs in the trade to describe their product, and such use was with the design to deceive the public, and, if possible, divert part of plaintiffs' business to defendants, such acts constituted unlawful competition, entitling plaintiffs to an injunction.

**2. SAME—INJURY.**

Where the use of plaintiffs' trade-name and other devices employed by plaintiffs to designate their goods by defendants would result in loss to plaintiffs, and defendants' acts were with the design to mislead the public, proof of injury was not necessary to entitle plaintiffs to an injunction.

Suit by Oliver C. Brown and another, doing business under the name of the Bent Glass Novelty Company, against Simon Braunstein and another, doing business under the name of the Bent Glass Globe Manufacturing Company. Decree in favor of complainants.

See 83 N. Y. Supp. 798.

Walter B. Warner, for plaintiffs.
Olney & Comstock, for defendants.

MADDOX, J. In this action, tried before me at a Special Term of this court held in the Kings county courthouse in the borough of Brooklyn on the 17th day of February, 1903, after hearing the evidence adduced by the respective parties herein, and the defendant Samuel Lewi having at the said trial consented in writing to withdraw his answer, and that judgment be taken against him without costs, I do decide therefrom that the plaintiffs are entitled to a judgment for the relief demanded in the complaint; the grounds of this decision being that the defendants used the opportunities offered and the information afforded and gained by and during their employment by the plaintiffs, to the end that they might engage in the same business, and profit by using a name very similar to that of the plaintiffs. Deriving such knowledge as they did, and engaging in the same business, would alone, of itself, not have entitled plaintiffs to any relief, but we find that very soon, and, indeed, in less than a month, after that employment ended, defendants engaged in the same business on the same street, and but a couple of blocks from plaintiffs' place of business, using plaintiffs' distinctive numbers of certain manufactured glass samples, which numbers were arbitrarily adopted and used by plaintiffs in the trade, and defendants also adopted and used a trade-name so similar to that of plaintiffs as to invite and occasion confusion. Such use was within the design to deceive, and, if possible, to divert to themselves, and appropriate, some part of plaintiffs' business and

trade. Proof of injury is unnecessary if the evidence establish the fact that injury will result unless such use will be restrained, and I find that the continued use of such name and numbers will result in loss to plaintiffs. Here the design was to mislead the public dealing with the plaintiffs, and the court should not, and will not, permit such artifice and deceit to be continued.

Judgment is hereby directed to be entered for the plaintiffs for a permanent mandatory injunction, forever restraining the defendants, their agents and servants, from using or doing business under the name of the Bent Glass Globe Manufacturing Company or the Bent Glass Novelty Company, or any similar name, calculated to deceive or confuse the customers of these plaintiffs; from using any designs, patterns, models, photographs, blue-prints, catalogues, or copies thereof, belonging to these plaintiffs, or used by them in their business; from sending out such circulars as are annexed to the complaint herein, or similar circulars, calculated to deceive the customers of these plaintiffs; from appropriating or using the system of numbers (described in the complaint and in the annexed circular of the defendants) devised by these plaintiffs exclusively for the conduct of their business with their customers; and also from using any similar number or numbers based upon such numbers or the system of numbers and samples devised by these plaintiffs; and from using business and advertising signs, symbols, letter-paper, notices, envelopes, and all other writings containing the name of the Bent Glass Novelty Company or the Bent Glass Globe Manufacturing Company, or any similar name calculated to deceive or confuse the customers of these plaintiffs; that the said defendants turn over to these plaintiffs, at their place of business, 110 Center street, New York, all letters received by them, or their agents, attorneys, and servants, and addressed to the Bent Glass Novelty Company or the Bent Glass Globe Manufacturing Company or the Bent Glass Company, or any similar address containing the words "Bent Glass."

Judgment is further directed that the plaintiffs recover from the defendant Simon Braunstein the costs and disbursements herein as taxed.